**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

JOHN CLARK,

    Plaintiff,

vs.                                            Case No. 3:15-cv-935-J-34JBT

USAA CASUALTY INSURANCE
COMPANY,

    Defendant.
_____

**O R D E R**

**THIS CAUSE** is before the Court on Plaintiff's Motion to Remand to State Court and Memorandum of Law in Support (Dkt. No. 11; Motion) filed on August 11, 2015. On August 24, 2015, Defendant filed a response in opposition to the Motion. See USAA Casualty Insurance Company's Response in Opposition to Plaintiff's Motion for Remand and Incorporated Memorandum of Law in Support (Dkt. No. 12; Response). On October 27, 2015, the Court held a hearing on the Motion. See Clerk's Minutes (Dkt. No. 17). At the conclusion of the hearing, the Court ordered the parties to file supplemental memoranda with regard to new issues raised during the hearing. See id. On November 6, 2015, the parties filed their supplemental memoranda as directed. See Supplemental Memorandum of Law in Support of Plaintiff's Motion to Remand Addressing the Issue of Timeliness of Removal (Dkt. No. 18; Plaintiff's Supplemental Memorandum); Defendant's Memorandum of Law Regarding the Timeliness of Its Notice of Removal Pursuant to 28 U.S.C. §1446 (Dkt. No. 19;

Defendant's Supplemental Memorandum).  Accordingly, this matter is ripe for the Court's consideration.

In the Motion, Plaintiff raised only one challenge to the removal of this action.  See generally Motion.  Plaintiff argued "This action must be remanded because the defendant failed to establish that the amount in controversy exceeds $75,000." Id. at 5. The Court addressed this challenge at the hearing held on October 27, 2015.  After hearing oral argument, the Court determined that Defendant had adequately established by a preponderance of the evidence that the amount in controversy in this action exceeds $75,000.  As such the Motion was due to be denied.  However, during the hearing, Plaintiff for the first time raised an alternative basis for remand - that the Notice of Removal (Dkt. No. 1; Notice of Removal) was untimely filed.  Citing 28 U.S.C. § 1446(c), Plaintiff argued that "A case may not be removed . . . more than one year after the commencement of the action unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." 28 U.S.C. §1446(c).  Because Plaintiff's action was originally filed in state court on June 30, 2014, and Defendant did not remove the action until July 30, 2015, Plaintiff contended that the removal was untimely, and the case due to be remanded to state court.

After allowing the parties to address this alternative basis for remand, the Court determined that it would be appropriate to allow each to submit a supplemental memorandum addressing Plaintiff's newly raised argument that remand was appropriate in light of the untimely removal as well as Defendant's assertion that Plaintiff acted in bad faith to prevent

the removal.  The parties submitted their supplemental memoranda,[1] upon review of which the Court determines that the Motion is due to be denied.

In Plaintiff's Supplemental Memorandum, Plaintiff contends that the one-year limitation on removal is a jurisdictional limitation on the removal of a case.  See Plaintiff"s Supplemental Memorandum at 3.  In doing so, Plaintiff relies entirely on decisions from district courts outside of the Eleventh Circuit Court of Appeals.  See id.  More importantly, Plaintiff ignores binding Eleventh Circuit precedent which instructs that an untimely removal is a procedural defect, not a jurisdictional defect.  In Re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997) ("The untimeliness of a removal is a procedural, instead of a jurisdictional, defect."); see also Music v. Arrowood Indemnity Co., 632 F.3d 284, 287 (6th Cir. 2011) ("Every circuit to address the issue has held that the one-year limitation on the removal of diversity cases is a procedural requirement.")  In light of this authority, the Court rejects Plaintiff's contention that Defendant's removal if untimely would deprive the Court of jurisdiction to address the instant action.

The distinction between jurisdictional and procedural defects is important here because while motions challenging a removal on the basis of the absence of subject matter jurisdiction may be made at any time, a "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the

---

[1] In Plaintiff's Supplemental Memorandum, Plaintiff argues that the filing of a timely notice of removal is necessary to invoke the Court's jurisdiction. See Plaintiff's Supplemental Memorandum at 2-4. Additionally, Plaintiff argues that parties cannot "stipulate around" jurisdictional requirements, and asks the Court not to find him to have waived his right to challenge the timeliness of the removal. See id. at 4-5. In response, Defendant argues that Plaintiff waived his challenge to the untimely removal. See Defendant's Supplemental Memorandum at 1-2. Alternatively, Defendant argues that Plaintiff acted in bad faith to prevent Defendant from effecting a timely removal. See id. at 2-5.

filing of the notice of removal." See 28 U.S.C. § 1447(c); see also Lowery v. Alabama Power Co., 483 F.3d 1184, 1213 n. 64 (11th Cir. 2007).  ("Plaintiff's have only 30 days from the notice of removal to file a motion to remand challenging any procedural defects in the removal…."). Consequently, the failure to challenge a procedural defect during that 30 day period operates as a waiver of that procedural deficiency. See Wilson v. General Motors Corp., 888 F.2d 779, 781, n.1 (11th Cir. 1989).

Here, Plaintiff filed the Motion within 30 days of the filing of the Notice of Removal. However, in doing so, Plaintiff failed to challenge the removal on the basis of any defect in the removal procedure.  Instead, Plaintiff challenged only Defendant's alleged failure to establish the existence of the amount in controversy necessary for subject matter jurisdiction. By raising the timing of the removal for the first time at a hearing almost four months after removal, Plaintiff waived any objection to the procedural timeliness of the filing.  See Robinson v. Affirmative Ins. Holdings, Inc., No. 2:12-CV-2159-SLB, 2013 WL 838285 (N.D. Ala. March 1, 2013) (by filing a motion to remand challenging only the amount in controversy, plaintiff expressly waives any objection to defendants untimely removal); Smith v. Atkinson, 24 F.Supp.2d 1266,1267 (M.D. Ala. 1998) ("The plaintiffs chose to challenge the removal on the basis that it was untimely.  Unfortunately for the plaintiffs, their challenge was itself untimely".). For the reasons stated on the record at the October 27, 2015 hearing, the Court determines that Defendant has established that the amount in controversy in this action exceeds $75,000.00.  Thus, the Motion seeking remand based on the failure to establish subject matter jurisdiction is due to be denied.  Additionally, Plaintiff's belated challenge to

the timeliness of the removal was itself untimely.  Thus, the request for remand is due to be denied.[2]  This action will proceed before this Court.

In light of the foregoing, it is **ORDERED**:

Plaintiff's Motion to Remand to State Court and Memorandum of Law in Support (Dkt. No. 11) is **DENIED**.

**DONE AND ORDERED** in Jacksonville, Florida, this 18th day of November, 2015.

*[signature]*
**MARCIA MORALES HOWARD**
United States District Judge

Copies to:

Counsel of Record

---

[2] In light of this finding, this Court need not address Defendant's allegations of bad faith.